SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 10 2016
ARTHUR JOHNSTON
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**COYOTE LOGISTICS, LLC**                                           **PLAINTIFF**

**VS.**                             **CIVIL ACTION NO.** 1:16cv94 LG RHW

**SOUTHTON RAIL YARD, LLC**                          **DEFENDANT**

## COMPLAINT

COMES NOW Plaintiff Coyote Logistics, LLC ("**Coyote**"), by counsel, and hereby files its Complaint against Defendant Southton Rail Yard, LLC ("**Southton**"). In support, Coyote states as follows:

### NATURE OF ACTION

1. This is a breach of contract action arising from an August 29, 2014 Agreement for Rail Car Services between Coyote and Southton (the "**Agreement**"). Pursuant to the Agreement, Coyote agreed to lease and deliver rail cars for Southton to use to ship Frac sand and other products, and to arrange for transportation via rail of Southton's products to and from various locations in Mississippi, Texas, Pennsylvania, and elsewhere, over a three-year initial term. Although Southton agreed to make monthly payments for Coyote's services, Southton almost immediately failed to remit full payments under the Agreement, and stopped making payments entirely after October 2015. Coyote fully performed its obligations under the Agreement. Through this action, Coyote seeks judgment of Southton's breach of the Agreement and to collect the payments currently due and to become due during the remaining term of the Agreement.

### PARTIES

2. Plaintiff, Coyote, is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Coyote's sole member is Coyote Logistics Midco, Inc.,

which is a Delaware corporation with its principal place of business in Illinois. Thus, for purposes of diversity jurisdiction, Coyote is a citizen of Illinois and Delaware.

3. Defendant, Southton, is a Louisiana limited liability company with its principal place of business in San Antonio, Texas. Southton's sole member is Elle Investments, LLC, a Louisiana limited liability company whose members are Michel Moreno and The Moreno Children's Trust. Mr. Moreno resides and maintains his domicile in Louisiana or Texas. The managing trustee of The Moreno Children's Trust resides and maintains its domicile in Louisiana. Thus, upon information and belief, for purposes of diversity jurisdiction, Southton is a citizen of Texas and/or Louisiana. Southton is not a citizen of Illinois or Delaware for purposes of diversity jurisdiction.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

5. This Court has general personal jurisdiction over Southton, as Southton carries on a continuous and systematic part of its business in this judicial district. Alternatively, this Court has specific personal jurisdiction over Southton, as Southton's acts or omissions giving rise to Coyote's claims occurred in this judicial district.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Alternatively, a substantial part of property that is the subject of the claim is situated in this judicial district.

## APPLICABLE LAW

7. To the extent it is not contrary to Mississippi public policy, the parties elected in the Agreement to apply Illinois substantive law to all questions concerning or arising out of the construction, interpretation, validity and enforceability of the Agreement.

## GENERAL ALLEGATIONS

8. Coyote is in the business of arranging for and coordinating the movement of shipments by rail and truck, and providing other transportation management services.

9. Southton is in the business of delivering Frac sand, aggregates, and agricultural and other proppant products ("**Cargo**") for use at hydraulic fracturing sites in Texas, Pennsylvania, and elsewhere. Under the Agreement, the Cargo's source location was to be Picayune, Mississippi.

10. On or about August 29, 2014, Coyote and Southton entered into the Agreement, pursuant to which Coyote agreed to arrange for the transportation of Southton's shipments of Cargo on railcars leased by Coyote from Picayune, Mississippi, to various locations, including in Texas and Pennsylvania.

11. The Agreement provided for an initial ramp-up period during which Coyote delivered a set number of rail cars leased by Coyote from a third party to Southton by a date certain.

12. Southton agreed to pay Coyote a monthly fee for its services under the Agreement in an amount equal to the sum of certain fixed and variable costs incurred by Coyote pursuant to the Agreement, and an agreed margin owed to Coyote.

13. The initial term of the Agreement is three (3) years, through August 29, 2017 ("**Initial Term**"), at which point the Agreement automatically renews for an indefinite period, absent termination pursuant to its terms.

14. The Agreement is governed by Illinois law.

15. Coyote has performed all of its obligations under the Agreement, including delivery of the required number of rail cars by the date set forth in the Agreement, and stands ready, willing, and able to complete its obligations under the Agreement through the end of the Initial Term in the event Southton's existing breaches are cured and Southton makes all required payments hereafter.

16. However, as of November and December 2014, Southton fell significantly behind in its payments to Coyote under the Agreement, and after October 2015, Southton stopped making payments to Coyote altogether.

17. As of June 30, 2015, Southton was in arrears on its payment obligations to Coyote pursuant to the Agreement in the amount of $2,724,864.37. From July 1 through December 31, 2015, Southton failed to remit to Coyote an additional $908,121.01 pursuant to the Agreement. From January 1, 2016 through February 29, 2016, Southton failed to remit an additional $362,444.46 pursuant to the Agreement.

18. Southton's total outstanding balance under the Agreement as of the end of February 2016, is $3,975,429.84.

19. In addition, because the Agreement requires Southton's performance through at least August 29, 2017, additional amounts are certain to become due and owing to Coyote by Southton.

20. For example, Coyote leased the railcars from a third party, and the lease payments are fixed costs required to be reimbursed monthly by Southton pursuant to the Agreement.

21. Even if no additional fixed or variable costs are incurred by Coyote from the date hereof through the end of the Initial Term, Southton is obligated to make monthly payments to Coyote in the minimum amount of $181,222.23 through the Initial Term, representing the fixed lease costs plus margin required under the Agreement.

22. Accordingly, from March 1, 2016 through the end of the Initial Term, Southton will owe Coyote no less than an additional $3,262,000.14 in payments under the Agreement.

23. Southton has informed Coyote that it is unable and/or unwilling to remit further payments required under the Agreement.

24. At the conclusion of the Initial Term, on August 29, 2017, Southton will owe Coyote a total of at least $7,237,429.98. This amount also represents the minimum amount due and owing, as it is comprised solely of actual fixed and variable costs incurred or certain to be incurred by Coyote and agreed-upon margin required to be paid to Coyote by Southton.

## COUNT I
## BREACH OF CONTRACT

25. Coyote incorporates the allegations contained in paragraphs 1-24 as though fully set forth herein.

26. As set forth above, Coyote has fully performed its obligations under its Agreement with Southton.

27. Southton began making less than full payments under the Agreement in approximately November 2014, and stopped making any payments due under the Agreement after October 2015.

28. Southton's failure to pay constitutes a breach of the Agreement.

29. As a result of Southton's breach, Coyote has suffered damages in an amount equal to Southton's current outstanding balance, which is $3,975,429.84 as of February 29, 2016, plus further damages through the end of the Initial Term of at least $3,262,000.14, for a total of at least $7,237,429.98.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Coyote prays for judgment against Southton in an amount equal to Southton's overdue payments and remaining payments under the Agreement through the end of the initial three-year term of the Agreement, plus judicial interest and Coyote's costs, and any such further relief as the Court may deem just and appropriate.

RESPECTFULLY SUBMITTED this the 9th day of March, 2016.

                **ADAMS AND REESE LLP**

By: *R. [signature]*
R. Jarrad Garner (MSB No. 99584)
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
(601) 353-3234 PHONE
(601) 355-9708 FAX
jarrad.garner@arlaw.com

*Counsel for Coyote Logistics, LLC*