## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**COYOTE LOGISTICS, LLC**                                                             **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO. 1:16-cv-00094-LG-RHW**

**SOUTHTON RAIL YARD, LLC**                                                   **DEFENDANT**

### MEMORANDUM BRIEF IN SUPPORT OF
### MOTION TO DISMISS FOR LACK OF JURISDICTION

COMES NOW, the Defendant, SOUTHTON RAIL YARD, LLC ("Southton" or the "Defendant"), and files this *Memorandum Brief in Support of its Motion to Dismiss for Lack of Jurisdiction* in support of its *Motion to Dismiss for Lack of Jurisdiction* ("Motion"), pursuant to Fed. R. Civ. P. 12(b)(1), filed simultaneously herewith, and in support thereof would show unto the Court the following, to-wit:

### I.  INTRODUCTION

COYOTE LOGISTICS, LLC ("Coyote" or the "Plaintiff") filed the instant action regarding a contract dispute between it and Southton.  This action should be dismissed because, despite Coyote's jurisdictional allegations, complete diversity is lacking between Coyote and Southton.

### II.  PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

The Defendant, Southton, is in the business of transporting highly specialized proppant (frac sand) for use in oil and gas exploration from its origin in Picayune, Mississippi to other areas of the country based on need.  Southton entered into an Agreement for Rail Car Services with Coyote, executed August 29, 2014 to further its business of transporting frac sand.  A dispute arose between Southton and Coyote regarding the terms of the Agreement.

Due to the ongoing dispute Southton filed its *Original Petition and Request for Declaratory Judgment* in the District Court of Bexar County, Texas on March 10, 2016.  A true and correct copy of the Declaratory Judgment action is attached to the Motion as Exhibit "A" and incorporated herein

by reference.[1]  Southton's case seeks a declaratory judgment from the Texas court that it is not in default under the terms of the Agreement.  *Id.*

The same day as Southton filed its Texas court action, Coyote filed the instant action.  *See* Docket No. 1.  The instant action requests damages for alleged breach of the Agreement by Southton.  *Id.* at *ad damnum*.  As basis for this Court's jurisdiction, Coyote alleges diversity of citizenship.  *Id.* at ¶ 4.  Coyote states it "is a citizen of Illinois and Delaware."  *Id.* at ¶ 2.  Coyote alleges "upon information and belief, for purposes of diversity jurisdiction, Southton is a citizen of Texas and/or Louisiana.  Southton is not a citizen of Illinois or Delaware for purposes of diversity jurisdiction."  Complaint, Docket No. 1 at ¶ 3.  On March 14, 2016, Coyote served Southton with process in this matter.  *See* Docket No. 4.

Southton requests that the Court dismiss this action based on lack of jurisdiction.  As basis for the instant Motion, Southton outlines its correct citizenship which shows Coyote's basis for this Court's jurisdiction is incorrect as both parties are citizens of the State of Delaware.  A copy of the Affidavit of Kevin Bowen is attached to the Motion as Exhibit "B" and incorporated herein by reference.  Also, a copy of the Affidavit of Paul Malek is attached to the Motion as Exhibit "C" and incorporated herein by reference.

### III.    STANDARD OF REVIEW

District Courts have original jurisdiction of matters in which the parties are diverse and the amount in controversy is greater than $75,000, exclusive of interests and costs.  *See* 28 U.S.C. § 1332(a).  Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008)(citation omitted).  In cases in which a Rule 12(b)(1) motion to dismiss

---

[1] This Court may take notice of this and other filings.  Fed. R. Evid. 201; *Ferguson v. Extraco Mortg. Co.*, 264 Fed. Appx. 351, 352 (5th Cir. 2007) ("A court may take judicial notice of 'a document filed in another court ... to establish the fact of such litigation and related filings . . .'") (quoting *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998)); *Benson v. Bank of America, National Association*, 2014 WL 2619859 at p. 2 (N.D. Tex. June 12, 2014).

for lack of subject matter jurisdiction is filed, the party seeking to litigate in federal court bears the burden of establishing jurisdiction. *Robinson v. Wal-Mart Stores, Inc*., 253 F.R.D. 396, 398 (S.D. Miss. 2008) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). It is well settled that a lawsuit must be dismissed if "the court lacks the statutory or constitutional power to adjudicate the case." *Id.* (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

## IV.    ARGUMENT

### A.  Insufficient Jurisdictional Allegations.

The Fifth Circuit has "stated repeatedly that when jurisdiction depends on citizenship, citizenship must be 'distinctly and affirmatively alleged.'" *Getty Oil Corp. v. Ins. Co. of N. Am*., 841 F.2d 1254, 1259 (5th Cir. 1988) (quoting *McGovern v. Am. Airlines, Inc*., 511 F.2d 653, 654 (5th Cir. 1975)). "The court is prohibited from merely assuming that diversity of citizenship exists." *Hammond v. Phillips 66 Co.*, 2015 WL 630918, at *6 (S.D. Miss. Feb. 12, 2015) (citing *Getty Oil Corp*., 841 F.2d at 1260). The blanket assertion set forth by Coyote regarding Southton that "upon information and belief, for purposes of diversity jurisdiction, Southton is a citizen of Texas and /or Louisiana" [Docket No. 1 at ¶ 3] falls short of the Fifth Circuit's requirement "of clear, distinct, and precise affirmative jurisdictional allegations." *Hammond*, 2015 WL 630918, at *6 (quoting *Getty Oil Corp*., 841 F.2d at 1259; *cf. Harrell v. Yokohoma Tire Corp*., 2011 WL 1812785, at *6 (S.D. Miss. May 4, 2011)).

### B.  The parties are not diverse.

The party urging jurisdiction upon the District Court bears the burden of demonstrating that the case is one which is properly before that court. *See Jernigan v. Ashland Oil, Inc*., 989 F.2d 812, 815 (5th Cir. 1993). Further, "[t]he party seeking to invoke jurisdiction of federal court . . . had the burden to prove that no member of LLC was [from Delaware]." *Ashley Transport, Inc. v. Caterpillar, Inc*., 2011 WL 3876964, at *1 (S.D. Miss. Sept. 1, 2011)(citing *Aetna Cas. & Surety*

3

*Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986)).  "The citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see also Tewari De–Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp.,* 757 F.3d 481, 483 (5th Cir. 2014).  Where the limited partnership or LLC is made up of other partnerships or LLCs, the district court must trace the citizenship of each such person or entity down the various organizational layers.  *See Lawson v. Chrysler LLC*, 2009 WL 961226, at *2 (S.D. Miss. Apr. 7, 2009) (citing cases).  Likewise, the citizenship of a corporation is determined based on § 1332(c)(1), which states that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1). *See also*, *Williams v. North Hill Square Apartments*, 2010 WL 1416154, at *1 (S.D. Miss. April 7, 2010). Affidavits may be considered to state the citizenship of a limited liability company. *Stoltz v. River Oaks Management, Inc.*, 2014 WL 5514155, at *3 (S.D. Miss. October 31, 2014) (citing *Ashley Transp., Inc. v. Caterpillar, Inc.*, 2011 WL 3876964, at *2 (S.D. Miss. Sept. 1, 2011)); *Davis v. Chase Home Finance, LLC*, 2013 WL 5308000, at *2 (S.D. Miss. Sept. 19, 2013).

Coyote admits that it is a citizen of Illinois and Delaware.  *See* Docket No. 1 at ¶ 2. Regarding Southton's citizenship, attached to the Motion as Exhibit "B" is the Affidavit of Kevin Bowen, Chief Executive Officer of Shale Support Holdings, LLC, outlining the organizational structure and members of Southton.  The Affidavit of Kevin Bowen shows that Southton has one member – Shale Support Holdings, LLC, which is a Delaware LLC comprised of three members. *See* Exhibit "B" to the Motion incorporated herein by reference.  One of those members is Stonehill Institutional Partners, L.P.  *Id.*  Also attached to the Motion as Exhibit "C" is the Affidavit of Paul Malek, General Counsel for Stonehill Capital Management LLC, the investment advisor for Stonehill Institutional Partners, L.P.  The Affidavit of Paul Malek shows that Stonehill Institutional Partners, L.P. has seventy-five limited partners and one general partner.  *See* Exhibit "C" to the Motion incorporated herein by reference.  Of those seventy-five limited partners, two are Delaware

corporations.  *Id.* at ¶¶ 7-8.  As shown in the Affidavits of Kevin Bowen and Paul Malek, tracing through the organization structure, two of the limited partners comprising Southton are citizens of the State of Delaware.  Therefore, both plaintiff and defendant, Coyote and Southton are citizens of the State of Delaware and complete diversity is lacking.  This Court does not have diversity jurisdiction as alleged by Coyote and Southton requests this matter be dismissed.

## V.  CONCLUSION

The Court lacks jurisdiction over this matter, therefore it is subject to dismissal.  Accordingly, this action should be dismissed so that these issues can be decided in Texas state court.

This, the 4th day of April, 2016.

Respectfully submitted,

**SOUTHTON RAIL YARD, LLC**


By: s/ John T. Rouse
One of its Attorneys

**OF COUNSEL:**

John T. Rouse (MSB No. 101586)
**McGLINCHEY STAFFORD, PLLC**
City Centre South, Suite 1100
200 South Lamar Street (Zip - 39201)
Post Office Drawer 22949
Jackson, Mississippi  39225-2949
Telephone: (769) 524-2300
Facsimile:  (769) 524-2331
Email: jrouse@mcglinchey.com

**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that I have this day electronically filed the foregoing with the Clerk of the

Court using the ECF system, which sent notification of such filing to the following:

       Richard Jarrad Garner
       ADAMS AND REESE, LLP - Ridgeland
       1018 Highland Colony Parkway
       Suite 800
       Ridgeland, MS 39157
       Jarrad.Garner@arlaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the

following non-MEC system participants:

          NONE

This, the 4th day of April, 2016.


                                     s/John T. Rouse                    
                                     Of Counsel

295235.3